

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,153-01

### EX PARTE SAMUEL WOLFGRAMM, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1005691-A IN THE 174TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*. YEARY, J., filed a concurring opinion in which SLAUGHTER, J., joined. NEWELL, J., concurred.

### O R D E R

Applicant was convicted of theft and sentenced to 1 year imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

This application was file-stamped in Harris County on Jan. 13, 2011. An order designating issues was signed by the trial judge on Feb. 21, 2011. This application was not received by this Court until Sept. 13, 2022. The writ record before this Court indicates that the habeas court may have conducted hearings in this case on March 17, 2011, and March 25, 2011. However, the record does not contain hearing transcripts or suggest any action by the trial court after those hearing dates. Nor

is there any indication as to why this application was pending in Harris County for so long without any action by the clerk or the trial court.

Applicant contends that his plea was involuntary because trial counsel: (a) failed to inform Applicant of the immigration consequences of the plea bargain and sentence; (b) misinformed Applicant regarding the punishment range of the offense; and (c) failed to appropriately figure and argue restitution amounts that were tied to the State's plea offers. Applicant alleges that, as a result of his guilty plea, he faces permanent deportation from the United States. Applicant has alleged facts that, if true, might entitle him to relief. *Brady v. United States*, 397 U.S. 742 (1970). The record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

As a preliminary matter, the trial court shall make findings of fact as to why no action was taken by the trial court or the clerk between the entry of the order designating issues and the forwarding of the application to this Court. The trial court shall determine whether, and when, Applicant was deported from the United States. If Applicant or his habeas counsel can be located, the trial court shall obtain a response from Applicant or counsel as to whether Applicant still wants to pursue this application, and shall include that response in the supplemental record. If the trial court is unable to obtain such a response from Applicant or his counsel, the trial court shall detail the efforts that were made to obtain a response. The trial court shall then return the application to this Court.

If Applicant indicates that he wants to pursue this application, the court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine

whether Applicant is still represented by counsel. If Applicant is no longer represented by counsel, the court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether and when Applicant was deported from the United States, and whether his guilty plea was involuntary. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: Jan 11, 2023
Do not publish